246 P.2d 877

## STATE TAX COMMISSION et al. v. SAM KNIGHT MINING LEASE, Inc.

### No. 5437.

Supreme Court of Arizona.

July 14, 1952.

Fred O. Wilson, Atty. Gen., Chas. C. Stidham, Asst. Atty. Gen., for appellants.

Guynn & Twitty, of Phoenix, Howard A. Twitty, of Phoenix, for appellee.

UDALL, Chief Justice.

This appeal is by the State Tax Commission from a judgment awarding appellee, Sam Knight Mining Lease, Inc., a refund of excise taxes theretofore paid by it under protest. It is a companion case to State Tax Commission v. Miami Copper Co., 74 Ariz. 234, 246 P.2d 871.

In the instant case the appellee had erroneously but voluntarily paid $4425.10 to the Commission as excise taxes on subsidy payments made to it by the Metals Reserve Company—a federal agency—for the pro-

duction of over-quota copper during the period January 1, 1942 to July 31, 1946. It made an application for a refund of these overpayments under the provisions of section 73-1327, A.C.A.1939. With the approval of the attorney general—which is a requirement of the statute—a refund was made of the above amount. After the Supreme Court of Utah held that subsidy payments were taxable under their law, the Commission reversed itself and levied an added assessment against appellee for the precise amount theretofore refunded. This was paid under protest—suit was brought and a motion for summary judgment for appellee was granted by the trial court. This appeal followed.

The record shows that the appellee, Sam Knight Mining Lease, Inc., sold the ores produced by it to the American Smelting and Refining Company,

" * * * at a price based upon the gold, silver, copper and lime values less certain deductions; that the price of the copper values was at all times herein mentioned based on domestic quotation for Electrolytic Wire Bars as published in the Engineering and Mining Journal of New York; that said quotation at all times mentioned herein was fixed at the ceiling price for copper as provided in Par. XI hereof."

By the motion for summary judgment it was further admitted that Metals Reserve Company made subsidy payments to appellee,

" * * * in the total sum of $442,-510.79, which was the difference between the price received by the plaintiff for the sale of said copper ore and the additional items of expense incurred by plaintiff by reason of mining sub-marginal ore."

In the instant case—unless the provisions of section 73-1305, A.C.A.1939, govern—the tax is the amount

" * * * to be determined by the application of rates against * * * gross proceeds of sales. * * *." Section 73-1303, A.C.A.1939,

since that is the specific provision of the Act covering the operation of this appellee.

Section 73-1302, A.C.A.1939, states that: " 'gross proceeds of sales' means the value proceeding or accruing from the sale of tangible personal property * * *."

and it further states that

" 'Sale' means any transfer of title or possession or both * * * conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration * * *."

It will be noted that under the Act the "gross proceeds of sales" is restricted to the proceeds accruing from the sale of tangible personal property, and that sale is a transfer of title for a consideration. Here, the consideration received by appellee from the sales of its product to the American Smelt-

ing and Refining Company was the amount paid by the purchaser of that product for the transfer of title to it. As between the buyer and seller there was a sale and a selling price. That selling price was the ceiling price fixed by law until November 10, 1946, and thereafter the open market price.

If the pleadings had shown any common interest between the buyer and seller in this case that would have made the sale of copper-bearing ore less than the true value of the product, then the Commission might have invoked the provisions of section 73–1305, supra, governing sales between affiliated corporations. But there are no allegations in these pleadings justifying an assumption that the "gross proceeds from the sale are not indicative of the true value of the subject matter of the sale". This being the case, we hold the Commission had no authority under section 73–1305, supra, to add to the selling price of the ore, the subsidies paid to the appellee by the Metals Reserve Company. To do so would create an enlarged base differing from the "gross proceeds of sales" base specified for the assessment of the tax under the Excise Revenue Act.

Our decision in Miami Copper Company case, supra, meets all of the other arguments advanced by the Commission on this appeal.

We hold that the subsidy payments made to the appellee did not constitute any part of the "gross proceeds of sales" of its product. The judgment of the lower court is therefore affirmed.

STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.